**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                  :

BRENNA KELLY-STARKEBAUM,      :

              Plaintiff,   :

                 :     1:24-cv-02310-DLC

    -against-         :

                 :

PAPAYA GAMING, LTD. et al.,     :

           Defendants.  :

                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned litigation desire to obtain a protective order to prevent inappropriate dissemination or disclosure of information believed to be confidential, proprietary, and/or commercially or competitively sensitive by the holder thereof;

WHEREAS, the parties intend that a protective order concern the disclosure of information both (1) as part of the "informal disclosures" that the parties have been ordered by the Court to make in advance of the Court-ordered private mediation (*see* ECF No. 27), and (2) any subsequent formal or informal discovery that may take place in the above-captioned litigation;

IT IS HEREBY STIPULATED, subject to the Court's approval, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions govern the protection of Protected Material (as defined herein), which may be produced or disclosed during the course of the above-captioned litigation.

## I.   DEFINITIONS

    A.   "Party" means Plaintiff Brenna Kelly-Starkebaum and Defendants Papaya Gaming, Ltd. and Papaya Gaming, Inc., including all of their officers, directors and employees.

B.      "Papaya" means Defendants Papaya Gaming, Ltd. and Papaya Gaming, Inc.

C.      "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

D.      "Action" means the above-captioned litigation.

E.      "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained, that are produced or generated in disclosures, productions, testimony, or responses to discovery in this matter.

F.      "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

G.      "Designating Party" means any Party or Non-Party who designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" in this Action.

H.      "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party in this Action.

I.      "Protected Material" means any Disclosure or Discovery Material that is Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material.

J.      "Confidential Material" means materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is not publicly available and that the Designating Party in good faith believes contain information that is: (1) confidential, sensitive, competitive,  potentially invasive of privacy interests, or personal data requiring protection under applicable foreign data privacy laws, (2) not generally known, and (3) not normally revealed to the public or third parties, or, if disclosed to third parties, is

2

such that the Producing Party would require such third parties to maintain the information in confidence.

K.      "Highly Confidential—Outside Counsel's Eyes Only Material" means materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is not publicly available and that the Designating Party in good faith believes contain information that is highly commercially or competitively sensitive and/or concerns: (1) proprietary research; (2) corporate trade secrets, and sensitive nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, market and consumer research/analyses, and sales information not known to the public; (3) strategic and product/service expansion plans, future marketing and business plans, and future marketing and business strategies; (4) technical information, including technical analyses or comparisons of competitor's products or services, and/or internal product specifications; (5) personal health, medical, or social security information; (6) an individual's personal credit, banking, or other financial information; (7) data subject to restrictions on sharing based on applicable foreign data privacy laws; and/or (8) trade secrets; which, in the good faith judgment of the Designating Party, requires protection against disclosures beyond that afforded to Confidential Material. For avoidance of doubt, Highly Confidential—Outside Counsel's Eyes Only Material shall include algorithms, matchmaking protocols, other non-public specifications and parameters for the operations of Papaya's electronic gaming services, and customer data and information.

L.      "Outside Counsel" means attorneys who are not employees of a Party or its affiliates but who are retained to represent or advise a Party in this Action, as well as such attorneys' support staff.

3

M.    "Expert" is a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as a testifying or consulting expert for purposes of this Action and who has never been an employee, contractor, or consultant of a Party, and at the time of retention, is not anticipated to become an employee, contractor, or consultant of a Party.

N.    "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; e-discovery vendors; jury and trial consultants; etc.) and their employees and subcontractors.

O.    "Inadvertently Disclosed Privileged Information" means information inadvertently produced or disclosed in this Action by a Producing Party that is asserted by the Producing Party to be subject to a claim of attorney-client privilege, work-product doctrine, joint defense or common interest privilege or doctrine, bank examination privilege, or any other applicable privilege, immunity, or protective doctrine.

## II.   SCOPE

A.    Protected Material may not be disseminated or disclosed (in whole or in part) outside the parameters of this Protective Order.

B.    This Protective Order does not confer blanket protections on all disclosures or responses to discovery, and the protection this Protective Order affords from public disclosure and use extends only to the materials that are entitled to confidential treatment in accordance with this Protective Order and applicable legal principles.

C.    This Protective Order does not and shall not in any way be construed to limit, impair, override, or otherwise compel disclosure of Disclosure or Discovery Material in contravention of, any foreign laws or legal requirements concerning the production of materials

located within a foreign jurisdiction. For avoidance of doubt, nothing in this Protective Order shall determine whether or not Parties must seek Disclosure or Discovery Material from entities in other jurisdictions through the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, or other processes, and the Parties expressly reserve all rights with respect thereto.

D.      Nothing in this Protective Order shall be construed to limit or expand any material provided in aid of mediation.

E.      This Protective Order is not intended to, and does not, govern the inspection of source code. Should source code become relevant to this Action and require inspection, the parties shall meet and confer on whether a source code-specific protective order is required.

**III.   DURATION**

A.      After the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final adjudication of this Action including appeals (or resolution through settlement), each Receiving Party shall destroy all Protected Material that it received and submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that confirms that all the Protected Material was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.

B.      Notwithstanding the foregoing, Outside Counsel are entitled to retain archival copies of all pleadings, motion papers, deposition and hearing transcripts, written discovery responses, legal memoranda, correspondence (including email), and attorney work product,

even if such materials contain Protected Material, provided that all such documents remain subject to the continuing obligations imposed by this Order. Each Receiving Party shall also ensure that any Protected Material that was provided by it to any Expert and/or Professional Vendor has been destroyed, and that such Expert and/or Professional Vendor has not retained any copies of such Protected Material, and shall confirm the same to the Producing Party (and if not the same person or entity, to the Designating Party) by the sixty (60) day deadline.

## IV.   DESIGNATION OF MATERIALS

A.      Each Party or Non-Party who produces Disclosure or Discovery Material in the course of discovery in this Action may designate such Material as Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material only if it believes in good faith that the Material satisfies the definitions of Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material as set forth in Section I above.

B.      Designation in conformity with this Order requires:

(a)      <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" conspicuously on each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection only to the inspecting Party's Outside Counsel shall be deemed Highly Confidential—Outside Counsel's Eyes Only Material. After the inspecting Party's Outside Counsel have identified the documents they want copied and produced, the Producing Party must determine which documents,

6

or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY") conspicuously on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     <u>For testimony given in deposition or in other proceedings</u>, designation of the transcript or portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material shall be made within twenty-one (21) days after receipt of the final transcript by notifying all Parties in writing of the transcript(s) and/or page and line numbers which have been so designated. Outside Counsel, during the course of a deposition or in other proceedings, may indicate on the record when Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material is being discussed, which shall likewise thereafter be entitled to protection pursuant to this Protective Order. Otherwise, in the absence of agreement on the record or in writing, or an order of the Court to the contrary, all testimony given in deposition or in other proceedings shall be deemed Highly Confidential—Outside Counsel's Eyes Only Material until the expiration of the aforementioned twenty-one (21) day period. After the expiration of that period or of such earlier time that such transcript is designated, the transcript and/or portions of the transcript will be treated as actually designated.

Where, in good faith, it is anticipated by Counsel for the Party or Non-Party who is testifying that the response to a question or series of questions could qualify as Protected Material, then Counsel for the Parties shall confer in good faith about how to adequately protect

the Protected Material from improper disclosure, including, to the extent appropriate, excluding individuals from the deposition for the duration of the questioning concerning the Protected Material.

(c)   <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY."

C.   In the event that a Party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material, the Party shall insert the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" at the beginning of the specific answer or response, or shall otherwise prominently specify in writing on the face of the relevant document(s) which answers or responses have been so designated.

D.   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party may withdraw a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" designation and shall promptly notify all other Parties that it is withdrawing the mistaken designation.

E.   If a Party obtains any documents or information of another Party that it knows or has reason to believe was taken or leaked without permission (*e.g.*, by unlawful means, or in

8

violation of a protective order) and not pursuant to compulsory process (such as a court order or subpoena), prior to any access, disclosure or use of such documents or information, the obtaining Party must provide the other Party with an opportunity for review of the material for determination of confidentiality and designation under this Protective Order as well as any applicable privileges or protections from discovery.  If the Designating Party designates any Protected Material, the provisions governing inadvertent failures to designate in Section IV.F immediately below will apply to govern such Protected Material.

F.      A Party's inadvertent failure to designate Material it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" shall not be deemed a waiver or otherwise preclude the producing Party from designating such Material as such at a later date, provided that the Designating Party provides written notice to all Receiving Parties within seven (7) days of discovery of the inadvertent failure to designate and provided that the Material has not previously been made public by the Designating Party prior to designation.  Once notified in writing of a Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material designation, such Material shall be treated in accordance with that designation from that time forward, subject to all other provisions of this Protective Order.

G.      A Party that issues a Non-Party subpoena shall include a copy of this Protective Order with the subpoena.  Any third party from which discovery is sought may elect to produce responsive materials pursuant to the terms of this Protective Order, after which point such third party may designate Disclosure or Discovery Materials as Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material pursuant to the terms set forth above.

**V.      USE AND HANDLING OF MATERIAL**

A.      Protected Material shall be used only for purposes of preparing for, litigating, or attempting to settle this Action, and not for any other action or other purpose.

B.     Protected Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Protective Order including to ensure disclosure of materials only to those permitted to access such materials under this Protective Order, and the Receiving Party shall protect the confidentiality of Protected Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Protected Material or similar confidential material.

C.     Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1.     The Parties and their affiliates, and the officers, directors, and employees of the Parties and their affiliates, in all cases as to whom disclosure is reasonably necessary for this Action, provided that such person has first executed the Acknowledgment attached hereto as Exhibit A;

2.     Outside Counsel, as well as employees of Outside Counsel to whom its disclosure is reasonably necessary for this Action;

3.     The Court and its support personnel;

4.     Stenographers, court reporters, and videographers and other persons engaged in recording or transcribing hearings, trial testimony, or to transcribe depositions conducted in the Action;

5.     During their depositions, witnesses in the Action to whom disclosure is reasonably necessary;

6.     Experts, provided that such person has first executed the Acknowledgment attached hereto as Exhibit A, and provided the disclosure is reasonably necessary;

7.     Any arbitrator, mediator, or special master retained by the Parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent their participation is reasonably necessary, provided that such person has first executed the Acknowledgment attached hereto as Exhibit A;

8.     As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

9.     Any person that counsel for a Party believes, in good faith, may be called to testify at trial or deposition in this action, provided that such person has first

executed the Acknowledgment attached hereto as Exhibit A, and only to the extent that such disclosure is reasonably necessary;

10. Mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that (i) no Party will use any mock juror who knows any person employed or affiliated with either Party to this Action or their affiliates; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror;

11. Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this Action and in accordance with the vendor's ordinary operating procedure; and

12. Others, if the Designating Party so agrees in writing or, for good cause shown in a noticed motion, the Court so permits, provided that such person has first executed the Acknowledgment attached hereto as Exhibit A.

D.    Highly Confidential—Outside Counsel's Eyes Only Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1. Outside Counsel, as well as employees of Outside Counsel to whom it disclosure is reasonably necessary for this Action;

2. The Court and its support personnel;

3. Stenographers, court reporters, and videographers and other persons engaged in recording or transcribing hearings, trial testimony, or to transcribe depositions conducted in the Action;

4. Experts, provided that such person has first executed the Acknowledgment attached hereto as Exhibit A, and provided the disclosure is reasonably necessary;

5. Any arbitrator, mediator, or special master retained by the Parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent their participation is reasonably necessary, provided that such person has first executed the Acknowledgment attached hereto as Exhibit A;

6. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

7. Mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that (i) no Party will use any mock juror who knows any person

11

employed or affiliated with either Party to this Action or their affiliates; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror;

8.   Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this Action and in accordance with the vendor's ordinary operating procedure; and

9.   Others, if the Designating Party so agrees in writing or, for good cause shown in a noticed motion, the Court so permits, provided that such person has first executed the Acknowledgment attached hereto as Exhibit A.

10.   During their depositions, witnesses in the Action who are employed by, officers of, or owners of the designating Party to whom disclosure is reasonably necessary;

E.   Prior to disclosing Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material to a proposed Expert, the Receiving Party and its Outside Counsel must certify in writing to the Producing Party in writing that such Expert (a) has executed a signed Acknowledgement and Agreement to Be Bound in the form attached hereto as Exhibit A, and (b) has had no professional relationship with or pecuniary or other financial interest in any Party to this Action for the past five years.  For the sake of clarity, the Receiving Party need not identify the Expert to the Designating Party by name; rather, it must certify to (a) and (b) with regard to an unnamed expert prior to such expert's receipt of Confidential or Highly Confidential—Outside Counsel's Eyes Only Material.

F.   A copy of all Acknowledgements required to be executed under this Section V shall be retained by Outside Counsel until the conclusion of this litigation, including all appeals. If Highly Confidential—Outside Counsel's Eyes Only Material is to be disclosed during a deposition, the agreement to be bound to this Protective Order may be made on the record and under oath, rather than through execution of Exhibit A.  For avoidance of doubt, Highly

Confidential—Outside Counsel's Eyes Only Material may only be shared during a deposition if the witness meets one of the requirements of Section V.D above.

G.      No person to whom Protected Material is disclosed may disclose such Material to any person other than those persons described in Sections V.C and V.D above.

H.      If Protected Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Protected Material under this Order, or prior to a re-designation that would render the person or party subsequently outside the scope of disclosure permissions, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Protected Material, and to bind such person to the terms of this Order.  In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person execute the Acknowledgement and Agreement to be Bound in the form shown in Exhibit A.

I.      Challenging Designations:  Any Party may challenge a designation of Material as Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material at any time after the designation has been made.  A Party may submit a challenge by providing written notice to the Designating Party of the reasons for the objection.  The Parties shall attempt to resolve in good faith any such challenge via meet-and-confer.  If the Parties cannot resolve the challenge within ten (10) days of a Party's written notice of objection, the Party challenging the designation may file an appropriate letter and/or motion, in accordance with applicable local rules and the Court's Individual Practices, requesting that the Court determine whether the disputed information should remain subject to the terms of this Protective Order.  If a motion is filed, the disputed Material shall continue to be treated as Confidential Material or

Highly Confidential—Outside Counsel's Eyes Only Material per the designation until such time as the Court rules on the motion. A Party shall not be obligated to challenge the propriety of any designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. At all times, the burden shall be on the Producing Party to demonstrate why the confidentiality designation at issue is warranted.

J.   <u>Filing Protected Material</u>:  Whenever a Party seeks to file with the Court any Material designated as Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material, or any papers containing or revealing such information, the filing Party shall file such Material in compliance with any applicable local rules and the Court's Individual Practices.   To the extent it does not conflict with such rules, the filing Party shall contemporaneously (i) take appropriate steps to ensure the continuing confidentiality of the Protected Material; (ii) file on ECF a redacted copy of the same, together with redacted versions of the notice of motion, briefing and any supporting materials, (iii) submit unredacted copies to the Court, and (iv) serve upon the other Parties unredacted copies of such materials. Nothing in this Section, however, shall preclude a Party from filing Material that the Party itself has designated as Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material in unredacted form. If a Party or Non-Party delivers any Protected Material to the Court, such delivery will comport with all applicable Court rules.

K.   <u>Disclosure at Trial</u>:  A Party's listing of any Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material on an exhibit list places all Parties on notice that the document may be offered at trial. A Court ruling on the confidentiality for purposes of use at trial, including appeal, shall supersede this Protective Order.

## VI.   PROTECTED MATERIALS SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.      In the event that Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material are sought from a Receiving Party pursuant to a subpoena, document requests, court order, or other law or legal process, such party shall provide the Producing Party with written notice promptly, and in no event more than ten (10) days after receiving the subpoena or order but before the scheduled date for production.  Such notification shall include a copy of the subpoena or court order. The Receiving Party shall also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Protective Order, and provide the such party with a copy of this Protective Order.

B.      If the Producing Party (or Designating Party, if different) timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order shall endeavor not to produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  The Designating Party bears the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.

15

## VII.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

A.      Pursuant to Fed. R. Evid. 502(d), any inadvertent disclosure of privileged information or documents in response to any discovery production shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work product production or any other applicable privilege.

B.      If a Producing Party discloses or produces Inadvertently Disclosed Privileged Information, and written notice is provided by a Designating Party of inadvertent production or disclosure with respect thereto, the Receiving Party shall: (i) immediately refrain from any further use or disclosure of the Inadvertently Disclosed Privileged Information; (ii) within seven (7) days, return, sequester or destroy all copies of the Inadvertently Disclosed Privileged Information and provide a written certification of counsel that all such Inadvertently Disclosed Privileged Information has been returned, sequestered or destroyed (including, without limitation, all originals and copies of any documents containing or comprising such information); and (iii) use best efforts to retrieve and/or destroy any copies of the Inadvertently Disclosed Privileged Information disclosed in accordance with this Protective Order prior to receiving notice. Destruction of the information by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the information is, in fact, properly subject to a claim of privilege, protection, or immunity, nor shall it foreclose the Receiving Party from moving for an order that such information has been improperly designated as subject to a claim of privilege, protection, or immunity or should be produced for reasons other than a waiver caused merely by the production.

C.      As soon as practicable after providing written notice of Inadvertently Disclosed Privileged Information, the Producing Party shall provide (i) if only a portion of a document contains privileged or protected material, a new copy of the document utilizing the same bates

number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any document that is the subject of such written notice will promptly be included and/or updated on a privilege log.

D.      In the event of a dispute as to the basis for a Producing Party's claim that the documents or information contains Inadvertently Disclosed Privileged Information, or as to the basis of any claim of privilege, the Receiving Party shall first meet and confer with the Producing Party in a good faith effort to resolve the disagreement. If the Producing Party and Receiving Party are unable to resolve their disagreement within five (5) days after the Parties meet and confer regarding the disagreement, the Producing Receiving Party shall provide to the Producing Party written notice of the dispute, which shall memorialize the Parties' prior attempt to resolve their disagreement. The Receiving Party disputing the claim that Discovery Material is or contains Inadvertently Disclosed Privileged Information may request that the Court enter an order compelling production of the material. No Party shall use any Inadvertently Disclosed Privileged Information in connection with this Action or for any other purpose, except that the Receiving Party may present the inadvertently produced materials to the Court under seal for a determination of the claim.

E.      In the event that a Receiving Party discovers that it has received or examined document(s) that are or may be subject to a claim of privilege or protection, the Receiving Party promptly shall: (i) sequester the document(s); and (ii) within five (5) days of such discovery, notify the Producing Party in writing of the possible production or disclosure of Inadvertently Disclosed Privileged Information by identifying the bates range(s) of the document(s) the

Receiving Party believes are or may be privileged or protected, and were or may have been produced or disclosed.

F.      If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Inadvertently Disclosed Privileged Information, the Producing Party may, in its sole discretion: (i) allow the Inadvertently Disclosed Privileged Information to be used during the deposition without waiver of any claim of privilege or protection; or (ii) to the extent practicable, allow questioning solely about non-protected portions of a document containing Inadvertently Disclosed Privileged Information. If the parties proceed under option (ii), and the deposing party secures a ruling from the Court that the claim of privilege or other protection was invalid, the Producing Party shall not unreasonably withhold consent to re-open the deposition of the witness solely for the purpose of questioning related to the document previously claimed to contain Inadvertently Disclosed Privileged Information.

## VIII.  NO WAIVER OF OBJECTIONS

A.      Nothing in this Order shall be interpreted to compel disclosures of information or as a waiver by any Party of any objections to the discoverability, admissibility, or confidentiality of materials or information contained therein.

B.      This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing discovery potentially falling under the scope of this agreement.  Nor shall this Order prevent any Party from objecting to discovery that it believes to be otherwise improper or to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

## IX.    GENERAL PROVISIONS

A.     This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court.  To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

B.     This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

C.     All notices and written certifications required by this Protective Order are to be served by email on all Outside Counsel of record for the applicable Party.  The date by which a Party to this Action receiving a notice shall respond, or otherwise take action, shall be computed from the date the email was sent, unless the email was sent after 5:00 pm Eastern Time, in which case it shall be computed from the next day.

D.     No Party may withhold a document exclusively on the basis that it contains Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material.

E.     This Protective Order shall be effective on the date the Court "So Orders" it, after which the Parties may produce documents and information and designate the material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY."

So ordered.

*Denise Cote*

June 28, 2024

19

SO STIPULATED AND AGREED, THROUGH COUNSEL OF RECORD.

BURNS CHAREST LLP

_____
Matthew S. Tripolitsiotis
Cristina Delise
757 Third Avenue, 20th Floor
New York, NY 10017
Tel : (469)-895-5269
mtripolitsiotis@burnscharest.com
cdelise@burnscharest.com

*Attorneys for Plaintiff*
*Brenna Kelly-Starkebaum*

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

_____
Michael W. McTigue, Jr.
Meredith Slawe
Anthony Dreyer
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
Michael.McTigue@skadden.com
Meredith.Slawe@skadden.com
Anthony.Dreyer@skadden.com

*Attorneys for Defendants Papaya Gaming,*
*Ltd. and Papaya Gaming, Inc.*

SO ORDERED.

Dated: _____, 2024

_____
HON. DENISE L. COTE, U.S.D.J.

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BRENNA KELLY-STARKEBAUM,                          :
                                                  :
                            Plaintiff,            :
                                                  :
            -against-                             :        1:24-cv-02310-DLC
                                                  :
PAPAYA GAMING, LTD., and PAPAYA                   :
GAMING, INC.,                                     :
                                                  :
                            Defendants.           :
                                                  :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ACKNOWLEDGMENT OF PROTECTIVE ORDER
### AND AGREEMENT TO BE BOUND

I hereby acknowledge that I, _____, am about to receive information that is being supplied by one or more of the parties in the case of *Brenna Kelley-Starkebaum v. Papaya Gaming, Ltd. et al.*, No. 1:24-cv-02310-DLC, pending in the United States District Court for the Southern District of New York. I understand that the information is subject to the terms of a Protective Order. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of said Protective Order, have read it in its entirety, and agree to be bound by its terms. I understand that information and any documentary material covered by the Protective Order that I am provided or obtain (which includes any notes or other record that I make of such material) must not be disclosed to others, except those listed in Sections V.C. or V.D. of the Protective Order under the terms set forth therein.

21

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.


Signature:_____


Print Name:_____


Date:_____